# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **ANTOINETTE MARSHALL,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action File No.** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **SUN WEST MORTGAGE** | **:** | **Jury Trial Demand** |
| **COMPANY, INC.,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

## COMPLAINT

**COMES NOW** Plaintiff, Antoinette Marshall ("Plaintiff"), by and through counsel undersigned, and submits this Complaint against Defendant, Sun West Mortgage Company, Inc. ("Defendant" or "Sun West"), and shows the Court the following:

### Authority

**1.**

This cause of action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and under the provisions of Section 1981 of the Civil Rights Act of 1866 (hereinafter "Section 1981"), seeking

- 1 -

a remedy for race discrimination, color discrimination, national origin discrimination, and retaliation, all of which occurred during the course of Plaintiff's employment with Defendant.

<strong><u>Parties, Jurisdiction and Venue</u></strong>

<strong>2.</strong>

At all times relevant to this action, Plaintiff was and is a resident of the Northern District of the State of Georgia.

<strong>3.</strong>

Sun West is a Foreign Profit Corporation, with its principal office located at 6131 Orangethorpe Avenue, Suite 500, Buena Park, California 90620. Sun West may be served, via its Registered Agent, Paracorp Incorporated, at 279 West Crogan Street, Lawrenceville, Georgia 30046.

<strong>4.</strong>

At all times relevant to this action, Defendant was and is an employer as defined in § 701(b) of Title VII.

<strong>5.</strong>

The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331.

**6.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendant processes mortgage loans from buyers all across the United States. Defendant employed Plaintiff to process mortgage loan applications from potential buyers in Georgia and in California, and is subject to the federal rules of law and this Court.

**7.**

All jurisdictional prerequisites to the institution of Plaintiff's lawsuit have been fulfilled. Plaintiff filed her initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts; Plaintiff was issued a Notice of Right to Sue from the EEOC; and, Plaintiff now files this Complaint within 90 days of receipt of said Notice. Plaintiff's April 18, 2022 EEOC Charge of Discrimination is attached hereto as **Exhibit A.**

## Factual Allegations

**8.**

Plaintiff is an African-American woman, who was hired by Defendant, on November 29, 2021, to work remotely as a Call Center Mortgage Loan Officer for Sun West.

**9.**

Prior to working for Defendant, Plaintiff had been a Mortgage Loan Officer for over 25 years, with approximately 4 years' experience working remotely.

**10.**

Due to issues with the laptop supplied to Plaintiff by Defendant, Plaintiff missed two days of the two-week training period provided by Defendant.

**11.**

When the laptop, provided by Defendant, arrived at Plaintiff's residence, it was filthy. There were visible food stains on it and, what appeared to be dog hair, all over the laptop.

**12.**

Due to the condition of the laptop, and COVID concerns, Plaintiff had to clean and sanitize the laptop before she could even bring it inside her home.

**13.**

After cleaning and bringing the laptop into her home, Plaintiff then realized that the docking station was broken, making the laptop inoperable.

**14.**

Plaintiff contacted a Sun West IT technician, who told Plaintiff to return the laptop, and that Plaintiff would be reimbursed for her time regarding the cleaning

and set up of the laptop. Plaintiff then prepared the laptop for mailing and returned it to Defendant, via Federal Express.

**15.**

Defendant then sent a second laptop to Plaintiff, which again, due to COVID concerns, Plaintiff had to clean and sanitize.

**16.**

Plaintiff spent a total of four hours cleaning, sanitizing, mailing, and getting set up on the Sun West laptop. The IT technician advised Plaintiff that she would be compensated for her time and sent Plaintiff a code which would allow her to obtain reimbursement for her time spent in cleaning, returning, and finally getting set up and ready to work on Defendant's laptop.

**17.**

However, when Plaintiff submitted the code for reimbursement of her time, Sun West's Human Resources ("HR") representative advised Plaintiff that, in fact, her time would not be reimbursed because Plaintiff was a remote worker.

**18.**

Despite missing two days from the two week training period, Plaintiff believed she was doing well.

**19.**

Each day, Defendant displayed an Excel spreadsheet which tracked each employee's performance/numbers, Plaintiff was not the lowest nor the highest performer.

**20.**

However, Plaintiff had a great deal of difficulty understanding the trainers, who were all males from India, and who spoke with heavy/thick Indian accents.

**21.**

Plaintiff, was a remote worker and therefore communicated with the trainers via Zoom calls. When she asked a question and could not understand the trainer's answer due to his accent, she would ask the trainer to repeat or clarify his answer.

**22.**

Instead of attempting to help Plaintiff understand their responses, the trainers would very often respond with condescending statements, such as "[t]his is not that difficult."

**23.**

Plaintiff was assigned to a Manager who was actually a Manager/Loan Officer.  While Plaintiff did not experience any  communication issues with him, he did have his own responsibilities as a Loan Officer and therefore was not

readily available to assist Plaintiff in answering any questions or issues she may have had in regard to, e.g., Defendant's procedures, and/or the software the Defendant used.

**24.**

On one occasion, Plaintiff spoke with a HR representative regarding, among other topics, the communication difficulties she was experiencing with the trainers. The HR representative did not comment nor offer any solutions regarding the difficulties Plaintiff was experiencing.

**25.**

On January 20, 2022, without explanation or warning of any kind, Plaintiff was terminated.

## COUNT I
**(Race Discrimination, Sexual Discrimination, Harassment and Retaliation)**
**(Title VII)**

**26.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**27.**

Plaintiff is an African American female and a former employee of the Defendant.

**28.**

Defendant discriminated against the Plaintiff on the basis of race and sex and then harassed her by making condescending statements to her, and ultimately, retaliating against Plaintiff by terminating her, all in violation of Title VII.

**29.**

When Plaintiff could not understand the trainers, who were all males and spoke with thick, Indian accents, the trainers harassed her and were condescending to Plaintiff, even making statements, such as, "[t]his is not that difficult" when Plaintiff did not understand them due to their accents.

**30.**

Defendant discriminated and retaliated against Plaintiff because of her race and her sex, harassed her and retaliated against her by terminating her employment, all of which was done in violation of Title VII.

**31.**

At the time of the discriminatory acts alleged, Defendant knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

**32.**

Defendant performed the above described discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT II
**(Race, Color, National Origin and Ethnicity Discrimination and Retaliation)**
**(Section 1981)**

**33.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**34.**

Plaintiff is an African-American woman and a former employee of the Defendant.

**35.**

Defendant discriminated against, harassed and retaliated against Plaintiff on the basis of her race, color, national origin and ethnicity, in violation of Section 1981.

**36.**

Defendant's trainers, all Indian males with thick Indian accents, belittled and subjected Plaintiff to condescending remarks, and ultimately, Defendant retaliated

against Plaintiff by terminating her employment, because she had difficulty understanding the trainers.

**37.**

Defendant's treatment of Plaintiff was motivated by and because of Plaintiff's race, color, national origin and ethnicity which is discrimination and harassment.

**38.**

Defendant willfully, and with reckless indifference, violated Section 1981 by retaliating against Plaintiff by creating a hostile work environment, using discriminatory language against or about Plaintiff and ultimately, by terminating her.

**39.**

As a direct result of Defendant's discrimination, based on race, color, national origin and ethnicity and its subsequent retaliation against her, Plaintiff lost earnings, lost her benefits, and incurred and continues to incur litigation costs and attorney's fees.

**WHEREFORE,** Plaintiff respectfully prays for judgment against the Defendant, as follows:

(a)    That Defendant be ordered to reinstate Plaintiff as an employee;

(b)     That Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(c)     That Defendant be enjoined from discriminating against Plaintiff on the basis of her sex and in retaliation for her discrimination charges or otherwise;

(d)     That Defendant be ordered to compensate, reimburse and make whole Plaintiff for all the benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, insurance costs, training, promotions and seniority;

(e)     That Plaintiff recover front pay if Plaintiff is not hired by Defendant as requested above;

(f)     That Plaintiff be awarded compensatory damages to compensate for the humiliation, pain, suffering and stigma associated with race, sex, color and ethnicity-based discrimination, harassment and retaliation;

(g)     The Plaintiff be awarded punitive damages to compensate for the humiliation, pain, suffering and stigma associated with race, sex, color and ethnicity-based discrimination, harassment and retaliation;

(h)     That Plaintiff recover reasonable attorney's fees including litigation expenses and costs;

(i)     That Plaintiff recover interest on all back pay at the legal rate;

(j)     That Plaintiff recover prejudgment interest; and

(k)     That Plaintiff be awarded such other relief as the Court deems proper

and just.

## **Jury Demand**

Plaintiff herein requests a trial by jury of all issues in this action.

Dated this 3rd day of January 2023.

**PANKEY & HORLOCK, LLC**


By:   */s/ Larry A. Pankey*
      Larry A. Pankey
      Georgia Bar No. 560725
      ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

<u>**CERTIFICATION OF FONT SIZE**</u>

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, of Pankey & Horlock, LLC, attorney for Plaintiff, Antoinette Marshall, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 3rd day of January 2023.

**PANKEY & HORLOCK, LLC**


By:  */s/ Larry A. Pankey*
     Larry A. Pankey
     Georgia Bar No. 560725
     ***Attorneys for Plaintiff***

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **ANTOINETTE MARSHALL,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action File No.** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **SUN WEST MORTGAGE** | **:** | |
| **COMPANY, INC.,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing

**Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 3rd day of January 2023.

**PANKEY & HORLOCK, LLC**

By:   /s/ *Larry A. Pankey*
         Larry A. Pankey
         Georgia Bar No. 560725
         *Attorneys for Plaintiff*

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:  770-670-6249
LPankey@PankeyHorlock.com